UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:24-cv-81245

JEFFREY BOWMAN and TYLER BLYTHE,

    Plaintiffs,

  v.

SHANE GRAHAM APOROSA, SIONE FUNAKI, ADDITIONAL JOHN DOE OWNERS OF GROG SWIPER ACCOUNT,

    Defendants.

_____/

**COMPLAINT**

    Plaintiffs, Jeffrey Bowman and Tyler Blythe sue Defendants, Shane Graham "Apo" Aporosa ("Aporosa"), Sione Funaki ("Funaki") and Additional John Doe Owners of "Grog Swiper" Facebook Account and states as follows:

**Jurisdiction, Parties & Venue**

    1.    This is an action for damages in excess of the jurisdictional *minimum* of $75,000.00, exclusive of interest, costs and attorney's fees.

    2.    Plaintiff Jeffrey Bowman resides in Palm Beach County, Florida.

    3.    Plaintiff Tyler Blythe resides in Collier County, Florida.

    4.    Defendant Aporosa is the orchestrator of a thoughtfully crafted and highly targeted scheme to damage the business reputations of Bowman and Blythe by defaming them. He is a citizen of New Zealand. He is also one of the owners, administrators, operators and publishers of the Facebook account

"Grog Swiper", which he routinely uses to defame the Plaintiffs.

5.     Defendant Funaki is a disciple of Aporosa who is similarly dedicated to damaging Bowman and Blythe by spreading their curated false narrative about them. He is a citizen of Honolulu, Hawaii. Upon information and belief, he is also one of the owners, operators and publishers of the Facebook account "Grog Swiper."

6.     Upon information and belief, there are additional unknown owners, operators and publishers of the Facebook account "Grog Swiper", referred to herein as Defendant Additional John Doe Owners, who have worked with Aporosa and Funaki to defame Bowman and Blythe. Upon information and belief, none of them reside in Florida.

7.     Subject matter jurisdiction is based on 28 U.S.C. § 1332(a)(2) (diversity jurisdiction between citizens of a State and citizens of a foreign state).

8.     Personal jurisdiction against these New Zealand and Hawaiian residents is based on section 48.193(1)(b), Florida Statutes because the Defendants published defamatory material on their Facebook account "Grog Swiper" and throughout the internet and to journalists they knew to have international reach, all of which was purposefully directed to and accessed in Florida. Further, the Defendants committed the torts alleged in the Complaint in the State of Florida by targeting the Plaintiffs who reside in Florida, and publishing defamatory statements here. Several of the defamatory statements expressly target Florida, Florida businesses and Florida residents.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred here and

because the Defendants are subject to the Court's personal jurisdiction relative to the causes of action alleged herein.

### General Allegations

10. Aporosa and Funaki are self-described "academics" who claim expertise concerning kava, a plant grown predominantly in the Pacific Islands, used to make a tea-like beverage with a calming effect. Kava has been of significant cultural, social and ceremonial importance throughout the South Pacific for hundreds of years.

11. Over the last twenty-five years or so, kava bars have appeared in the United States. Plaintiff Bowman opened what is widely accepted as having been the first kava bar in the continental United States in 2001, in Boca Raton, Florida. Bowman and Blythe are founders and veterans of the kava business in the United States.

12. The Plaintiffs have sold kava for decades all over the United States. In February 2023, they launched a Facebook Page called American Kava Culture, and in August 2023, a second Facebook page called American Kava Group. Bowman and Blythe jointly promote their kava products under the names "American Kava Culture", "American Kava Group", "American Kava Growers", and "American Kava" ("American Kava"). Bowman and Blythe are associated, *if not synonymous with* "American Kava" within the kava community.

13. American Kava, Bowman and Blythe have undertaken to cultivate kava in the continental United States. While kava is grown in Hawaii, upon information and belief, kava has not been grown in the continental United

States before, with the vast majority of kava sold in the United States being imported from the Pacific Islands.

14. The Defendants have repeatedly expressed vitriol concerning the fact that Americans, like the Plaintiffs, are cultivating kava outside of the Pacific Islands. They appear to believe that Bowman's and Blythe's efforts to grow kava in the United States is an afront to their heritage and poses a threat to Pacific Islands' economies. Thus, they and their accomplices have set out to publicly denigrate, disparage, and discredit Bowman and Blythe.

15. Beginning in or about September 2023, the Defendants launched an expertly crafted, highly targeted campaign to defame Bowman and Blythe, using the kava community Facebook account known as "Grog Swiper", among other fora, to publish their false message. The Defendants are the owners, administrators, operators and publishers of the Facebook account "Grog Swiper", together with others who have not yet been identified.

16. The attacks began with a series of posts on Grog Swiper proclaiming that the Plaintiffs had "**stolen**" kava, acquiring it by illegal means to grow it in the United States. *See* Exhibits A, B and C (emphasis added). In these early posts, the Defendants represent that the kava being grown in Florida by the Plaintiffs were "kava cuttings **stolen from Hawaii**." *Id.* (emphasis added).

17. Several weeks later, on October 25, 2023, Grog Swiper linked Bowman to "the unethical and culturally corrupting behavior" of adding "addictive kr[a]tom" to kava for the purpose of boosting sales. *See* Exhibit D. The statement is completely false; Bowman has never mixed kratom with kava.

4

18. In March 2024, a journalist, who would later admit to being a "friend" of Defendant Aporosa, approached the Plaintiffs on behalf of the Rupert Murdoch-owned Fiji Times, asking to interview them for a story about American Kava and particularly their efforts to grow kava in the United States. Aporosa's friend, Dionisia Tabureguci ("Tabureguci") interviewed Bowman and Blythe and their colleague via Facebook Messenger over the course of several days. Her story, "Americans Launch Own Kava" was published on March 16, 2024. *See* Exhibit E.

19. Tabureguci's article tells the story of American Kava, Bowman and Blythe's kava growing operations in the U.S. Appearing to bait her Fijian readers, she concluded the piece by noting that the group's goal is "to produce the finest kava varieties on earth and establish American states and territories as the next specialty kava growing regions." *Id.* Prophetically signaling that the March 16 story was only the beginning of what was to come, the article, which ran on a Saturday, teased "More on this story in The Fiji Times on Monday." *Id.*

20. The day his friend's article went to print, Aporosa's Grog Swiper sprung into action. Thus began, in earnest, Defendants' smear campaign to paint Bowman and Blythe as drug pushers[1] who were clandestinely infusing their kava products with a dangerous and potentially deadly substance, kratom, for the purpose of causing their customers to become addicted to their kava products, thereby increasing their sales. *See* Exhibit F.

---

[1] The March 16 post identifies Bowman and Blythe as "culprits" who are growing kava "to further push the use of kratom with kava so that they don't have to answer to anyone." *See* Exhibit F.

21. That same day, the Defendants posted the following false statement, calling for action against Bowman and Blythe:

> This group should **take an active stance against the mixing of 'awa and kratom as is being done and pushed by people like Jeffrey Bowman and Tyler Blythe**, kava bar owners and kava sellers who support the inappropriate commodification and misappropriation of 'awa for their own greed and financial gain, a part of this is the use of kratom to enhance the effects of kava while adding addictive properties so that people buy more.
>
> Like the stance Kanaka took in protecting kalo from genetic modification, we should be actively aware of what's going on in the US, particularly in Florida and with these **kava kartel**/American kava association **rats** are doing to our ancestral crop.

*See* Exhibit G (emphasis added).

22. Two days later, just as promised, the Fiji Times was ready with a follow-up article on Monday, March 18. *See* Exhibit H. Titled "Sparks fly over American kava", the Tabureguci article reported that "a storm was brewing amid revelation that an American group of kava growers has successfully produced American grown kava and will now supply the American kava drinking market." *Id.* The article claimed that certain Pacific Islanders had been following the American Kava initiative for years and "now accuse the Americans of cultural appropriation and giving kava a bad name." *Id.* To voice these accusations, Aporosa's friend published substantial portions of an email that Aporosa had written to her and/or the Fiji Times about American Kava, Bowman and Blythe, along with Funaki's Grog Swiper posts from two days before. *Id.*

23. In his email that he caused to be published in the Fiji Times, Aporosa claimed that the Americans were hiding kratom in the kava products to provide a "euphoric hit", and accordingly, "growing kava outside of the Pacific, has the potential to initiate a second ban" on the export, thereby threatening local farming communities. *Id.* He claimed that the Plaintiffs were engaged in "manipulative messaging" to justify "cultural appropriating commercialism" and hide "bio-piracy." *Id.*

24. The March 18 article promised to print "the full text of Dr. Aporosa's email" two days later, on March 20. Remarkably, later that week, Tabureguci would tell the Plaintiffs that her "friend from N[ew] Z[ealand]", Defendant Aporsoa, had been lobbying the Fiji Times to report that Bowman and Blythe had been secretly adulterating their products kava with kratom:

> **My friend from NZ is pushing this narrative of kava and kratom. He's really dead against it. And he's adamant that it's you guys doing it.**

Exhibit O (emphasis added).

25. Tabureguci expressed concern to the Plaintiffs over the fact that Aporosa did not have proof that Bowman and Blythe had mixed kratom with kava:

> **I don't have any proof** so I've asked our FT news team to be careful about reporting on the kava kratom issue coz **we don't know anything about it.**

*Id.* (emphasis added).

26. The Fiji Times appears not to have been concerned that its reporter did not "have any proof" or "know anything about" Bowman and Blythe

mixing kratom and kava. Again, right on schedule, the Fiji Times printed Aporosa's email on March 20, next to a picture of Bowman and Blythe.[2] *See* Exhibit I. The Fiji Times proceeded to print additional emails, or new portions of the same email, from Aporosa bashing the Plaintiff in the days that followed. *See, e.g.*, Exhibit J.

27. Directing his "concerns" to Tabureguci's March 16 article about the Plaintiffs, Aporosa said that Bowman, Blythe and American Kava were adulterating kava, "**hiding**" kratom in their kava products. As a result of their adulteration of the South Pacific natural resource, Aporosa warned of a potential export ban, which promised would wreak havoc on the South Pacific economy. Pointing to Tabureguci's March 16 article, and particularly the photograph that ran with it of Bowman and Blyth with packages of kava grown in American, Aporosa questioned "[w]hat really is in those packets of kava", in the same breath falsely stating that Bowman had claimed that "the problem with kava was its lack of addictive properties." *Id.*

28. In other contemporaneous posts, the Defendants painted a grim picture of the Plaintiffs and American Kava[3] as engaging in "**drug cartel type activities**" and using kava "as a front for **sewing misery and addiction**." *See*

---

[2] Funaki republished Dr. Aporosa's email as printed in the Fiji Times. *See id.*

[3] Exhibit K superimposed the American Kava logo atop of a story about JW Ross, whom Aporosa characterized as a neo-Nazi engaged in fraud. The post suggests that JW Ross sells a product that blends kava and kratom called "feel free." By superimposing American Kava's logo over the image of JW Ross and "feel free", the Defendants represented a relationship between JW Ross and "feel free" (on the one hand) and the Plaintiffs (on the other). However, no such relationship exists. The Plaintiffs do not make or sell "feel free" and do not conduct business with JW Ross.

Exhibit K (emphasis added).  Kratom, he said, was addictive and deadly, and being hidden in the Plaintiffs' kava products to cause their customers to become addicted.

29. On April 14, the Defendants attacked the Plaintiffs again, claiming that they engaged in the unethical and illegal practice of mixing kratom and kava. Referring to them as drug "**pimps**." *See* Exhibit L ("In the case of kr[a]tom, now a 'kava bar pimp' gets the money as opposed to an opioid pimp"). Identifying American Kava Culture and Bowman by name, the April 14 post states,

> **Kava is being used by these pimps to hide kr[a]tom**, and this is leading to confusion for those who hear stories about 'kava addiction.'
>
> So, to get to the point: addictive kr[a]tom is increasingly being added to – "value added" in some cases- safe kava by unethical nefarious actor who claim kr[a]tom is safe and a necessity to the revival of the US kava industry.

*Id*. (emphasis added).

30. On May 22, the Defendants doubled down, claiming that "informants" had advised them that a recent ban on kava by the US Department of Defense resulted from American Kava's "unethical behavior" of mixing kratom with kava.  The hit-piece goes on the characterize the Plaintiffs as "drug peddlers who hide their dirty appropriating practice behind safe kava." *See* Exhibit M.

31. Kava is a major export throughout the South Pacific. Thus, the Defendants' false representations about American Kava and the Plaintiffs sounded an alarm, triggering visits and inquiries from government

representatives, causing longstanding thriving business relationships to erode.

32. With no proof whatsoever that Bowman or Blythe have ever mixed kava and kratom together, the Defendants attempted to bolster their false claims by referencing "resources" that do not support their lies. For instance, they claimed that "research" supports their conclusion that Bowman and Blythe mix kava and kratom, but no such research exists. They claimed that Bowman admitted to mixing kava and kratom together in an interview with Bloomberg, but the article to which they refer says no such thing. They linked their spurious claims to a YouTube "documentary" which, while addressing the dangerous practice of mixing kratom and kava, makes no mention of Bowman or Blythe.

33. Upon information and belief, neither Defendant has performed any "research" concerning whether Bowman or Blythe adulterate their kava products. And to be clear, they do not.

34. The Defendants squarely placed the Plaintiffs at the center of an American businessmen-led conspiracy to rob the South Pacific of its culture and resources, for their own greed. They weaved together their narrative blending imagery of cultural appropriation and bio-piracy with defamatory claims that the Defendants were drug dealers, actively committing crimes, hiding addictive and deadly drugs in their products without concern for the wellbeing of their American customers or the people of the South Pacific.

35. As detailed above and in the exhibits annexed hereto, the Defendants' published statements that Bowman and Blythe mix kava and kratom together are patently false. Neither Bowman nor Blythe mix kava and

kratom, nor have they ever adulterated the kava they sell.

36. Similarly, the Defendants' published statements that Bowman and Blythe stole kava plants and are illegally growing kava in the United States are false. Neither Bowman nor Blythe stole kava plants and their efforts to grow kava are in compliance with all governing laws. So too is the Defendants' claim that Bowman, Blythe and American Kava are the first growers of kava in the United States; kava has long been cultivated in Hawaii, for instance.

37. At all material times, Bowman and Blythe have steadfastly denied that they mix kava with kratom, and that they have stolen kava or grow it illegally. At all material times, Bowman and Blythe advised the Defendants that their statements are false.

38. Despite having been advised of the truth, the Defendants continued to publish the false statements about Bowman and Blythe. Most disturbingly, they never actually investigated the truth of their statements.

39. On August 16, 2024, the Plaintiffs sent a cease-and-desist letter to the Defendants, demanding that the false statements be removed from the internet, and that corrective statements be published, among other things. As of this filing, the Defendants have taken no action to address their rampant and malicious defamation of the Plaintiffs.

40. Since the cease-and-desist letter, more publications have repeated the false narrative alleged herein, identifying none other than Defendant Aporosa as their source. *See, e.g.*, Exhibit M.  To add insult to injury, on July 15, 2024, the Defendants used Grog Swiper to mischaracterize Bowman's efforts to communicate with them about their defamation as

"seeking reconciliation" for "the mixing of addictive kr8tom" with "safe kava" to "'injur[e] kava users and trigger[] another kava bad." *See* Exhibit N.

41. The Defendants' utterly false narrative has caused damage to the Plaintiffs' reputations, leading to the loss of new and existing business, just as Aporosa and Funaki intended it.

42. All conditions precedent have occurred or been waived.

### COUNT I: DEFAMATION

43. The Plaintiffs incorporate and reallege paragraphs 1 through 42.

44. The Defendants published defamatory statements, alleged above. These statements are completely false.

45. The defamatory statements falsely impute criminal offenses to Bowman and Blythe, adversely reflect on their fitness to conduct their businesses, and otherwise tended to subject them to public hatred, contempt, ridicule and disgrace. Thus, the Defendants have committed defamation *per se*.

46. At the time the defamatory statements were published, the Defendants knew the statements to be false, or they published the statements with reckless disregard for their truth or falsity. Upon having been notified by the Plaintiffs that their statements were false, the Defendants took no action to rectify the defamation and instead, upon information and belief, have continued to promote their false narrative to others who, in concert with the Defendants, have republished the same false statements. Thus, the Defendants have acted with actual malice, publishing the false statements with intent to injure the Plaintiffs.

47. As a direct and proximate result of the publication of the

defamatory statements, the Plaintiffs have suffered damages.

48.     The Defendants' scheme to defame the Plaintiffs is not capable of being remedied by damages of alone. Due to the extent of the injury caused to them, the Plaintiffs are entitled to an injunction against the Defendants.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, for general and special damages, injunctive relief, costs and such further relief as the Court deems just and proper. The Plaintiffs reserve the right to seek leave of Court, consistent with governing law, to add a claim for punitive damages.

## COUNT II: INTERFERENCE WITH BUSINESS RELATIOINSHIP

49.     The Plaintiffs incorporate and reallege paragraphs 1 through 42.

50.     At all material times, the Defendants were aware that the Plaintiffs sell kava throughout the United States at both the wholesale and retail levels, and that the Plaintiffs have relationships with customers, vendors, and suppliers throughout the kava industry, both inside and outside of the United States.

51.     The Defendants intentionally interfered with the known business relationships described above. Their interference was utterly unjustified.

52.     The Defendants' interference has caused damage to Bowman and Blythe.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, for general and special damages, injunctive relief, costs and such further relief as the Court deems just and proper. The Plaintiffs reserve the right to seek leave of Court, consistent with governing law, to add a

claim for punitive damages.

### COUNT III: INJUNCTIVE RELIEF (Chapter 784, Florida Statutes)

53. The Plaintiffs incorporate and reallege paragraphs 1 through 42.

54. The Defendants have willfully and maliciously engaged in a course of conduct directed at Bowman and Blythe, through electronic mail and other electronic communications, causing substantial emotional distress to Bowman and Blythe, described in greater detail in the General Allegations above.

55. There is not and has never been a legitimate purpose for the Defendants' scheme to harass Bowman and Blythe. The scheme is, on the contrary, entirely unjustified.

56. Pursuant to Chapter 784, Florida Statutes, the Defendants' conduct alleged herein requires imposition of an injunction.

WHEREFORE, the Plaintiffs demand judgment for injunctive relief, attorneys' fees and costs, and such other relief as the Court deems just and proper.

Dated October 8, 2024.

Respectfully submitted,

**MAURO LAW P.A.**

/s/  C. Cory Mauro
C. Cory Mauro
Florida Bar No.:  384739
1001 Yamato Road, Suite 401
Boca Raton, FL 33431
Telephone: (561) 202-1992
cory@maurolawfirm.com
paralegal@maurolawfirm.com
*Counsel for Plaintiffs*