## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 9:24-cv-81245

JEFFREY BOWMAN and TYLER BLYTHE,

     Plaintiffs,

  v.

SHANE GRAHAM APOROSA, SIONE
FUNAKI, ADDITIONAL JOHN DOE
OWNERS OF GROG SWIPER
ACCOUNT,

     Defendants.

_____/

### AMENDED COMPLAINT

Plaintiffs, Jeffrey Bowman ("Bowman") and Tyler Blythe ("Blythe" and collectively with Bowman, "Plaintiffs"), sue Sione Funaki ("Funaki" or "Defendant") and his John Doe Owners of Grog Swiper Account (the "John Doe Defendants" and collectively with Funaki, the "Defendants") and state as follows:

### Jurisdiction, Parties & Venue

1.    This is an action for damages in excess of the jurisdictional minimum of $75,000.00, exclusive of interest, costs and attorney's fees.

2.    Plaintiff Jeffrey Bowman resides in Palm Beach County, Florida. He is a co-founder of the brand "American Kava" which he operates in Florida, along with other Florida-based retail and wholesale kava businesses.

3.    Plaintiff Tyler Blythe resides in Collier County, Florida. He is also

a co-founder of the brand American Kava, which he operates in Florida.

4.     Funaki, along with others, orchestrated a thoughtfully crafted and highly targeted scheme to damage the business reputations of Florida residents, Bowman and Blythe by publishing false information about their business practices, and the products they sell, with particular focus on the kava they grow under the brand "American Kava."

5.     Funaki is committed to damaging Bowman and Blythe by spreading their curated false narrative alleged herein. He is a citizen of Honolulu, Hawaii. Upon information and belief, he is one of the owners, operators and publishers of the Facebook account "Grog Swiper", a moderator of Pasifika Kava Forum, through which he has repeatedly defamed the Plaintiffs. Funaki is also a moderator of the Facebook group International Kava Organization with Florida members where, upon information and belief, he has published defamatory statements about the Plaintiffs which have either been deleted or that cannot be accessed by the Plaintiffs.

6.     Upon information and belief, there are additional unknown owners, operators and publishers of the Facebook account "Grog Swiper", referred to herein as John Doe Defendants, who have worked with Funaki to defame Bowman and Blythe. Upon information and belief, none of them reside in Florida.

7.     Subject matter jurisdiction is based on 28 U.S.C. § 1332(a)(2) (diversity jurisdiction between citizens of a State and citizens of a foreign state).

8.     Personal jurisdiction against this Hawaiian resident is based on section 48.193(1)(a)(2), Florida Statutes because he published defamatory

material on the internet, including in fora known to include Florida readers such as Reddit and Pasifika Kava Forum. Funaki has also published defamatory statements to journalists they knew to have international reach. His scheme to defame the Plaintiffs was purposefully directed to Florida, in several ways. First, the statements were intended to cause reputational damage to Bowman and Blythe, who are Florida residents. Second, the statements were intended to reach the Plaintiffs' customers and discourage them from patronizing the Plaintiffs' Florida businesses including their brand American Kava. Third, the scheme was intended to reach the Plaintiffs' suppliers of kava throughout the Pacific Islands with the goal of choking off the Plaintiffs' kava supply and driving them out of business as a result. Fourth, Funaki intended that his false statements reach governments that control the export of kava to cause them to take action against the Florida resident Plaintiffs, their Florida businesses, and their Florida operated brand, American Kava. Indeed, the Defendant's false statements caused Fiji government representatives to personally visit the Plaintiffs in Boca Raton, Florida, and to inspect their American Kava operations, and Bowman's wholesale and retail kava establishments as an intended result of their false statements alleged herein. All of the defamatory statements alleged herein were in fact accessed and read in Florida, by Florida residents. The Defendant knew that the harm caused by his defamatory statements would be suffered in Florida, where the Plaintiffs reside and operate their businesses, including their kava growing operation, American Kava. Thus, as alleged in greater detail below, Funaki and the John Doe Defendants committed defamation and other tortious conduct alleged in

this Amended Complaint in the State of Florida by targeting the Florida-resident Plaintiffs and their kava brand American Kava, and by publishing defamatory statements that were intended to inflict injury on the Plaintiffs in Florida. The defamatory statements alleged herein expressly target Florida, Florida businesses and Florida residents.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred here and because the Defendants are subject to the Court's personal jurisdiction relative to the causes of action alleged herein.

## General Allegations

10.     This case involves kava, a plant grown predominantly in the Pacific Islands, used to make a tea-like beverage with a calming effect. Kava has been of significant cultural, social and ceremonial importance throughout the South Pacific for thousands of years.

11.     Approximately twenty-five years ago, kava bars began to appear in the United States. Bowman opened what is widely accepted as the first kava bar in the continental United States in 2002, in Boca Raton, Florida.

12.     With a variety of successful, longstanding retail and wholesale kava businesses to their credit, Bowman and Blythe are known as "founders" of the kava business in the United States. Before the Defendants targeted them, their reputations in the kava industry were unblemished.

## Bowman and Blythe Create "American Kava"

13.     Historically, kava has been almost exclusively grown in the Pacific Islands and Hawaii. For decades, the Plaintiffs have purchased all of the kava

4

they sell at their kava establishments from suppliers in the Pacific Islands. Doing so can be particularly complicated; the logistics alone costly and time-consuming. Naturally, the Plaintiffs have long been interested in cultivating kava closer to home. However, no one has ever successfully cultivated kava for commercial purposes within the continental United States. Therefore, several years ago, the Plaintiffs, together with a non-party Matthew Masifilo, began to investigate the prospect of growing kava in Florida. They invested substantial resources to research and develop proprietary techniques to grow kava in Florida's unique climate, which is materially different from that of the Pacific Islands where kava is typically grown.

14.     There were many challenges, failures, and learning experiences. But by 2023, the Plaintiffs' kava growing experiment evolved from a few sprouts into fully functional nurseries, producing relatively small amounts of commercially viable kava.

15.     The Plaintiffs decided to call their kava growing operation "American Kava."[1] Bowman's and Blythe's American Kava plants are tissue-cultured, decontaminated of pathogens, acclimated, selected for favorable traits, and ultimately grown to maturity, in Florida.

16.     The entire process takes place in Florida. Specifically, American Kava plants are grown in two Florida Department of Agriculture licensed

[1] The Plaintiffs' trademark application for their American Kava logo is pending. They initially announced their growing initiative as American Kava Growers on their Facebook page. Shortly thereafter, the name was shorted to American Kava, and a corresponding community group was simultaneously created to facilitate broader public engagement.

Mauro Law | 1001 Yamato Road, Suite 401 | Boca Raton, Florida 33431 | 561.202.1992 | www.MauroLawFirm.com

nurseries in Boca Raton, Florida and Sarasota, Florida. While the nurseries do produce kava for commercial consumption, they are also where American Kava's research and development activities take place. The Plaintiffs' short-term business plan for American Kava is to refine its growing and propagation techniques in order to transition operations to functional kava farms, in Florida. Thus, American Kava is presently shopping for farmland in Florida to continue their growing operations in Florida soil, on a larger scale.

17.    While its kava plants are cultivated by the Florida-resident Plaintiffs at Florida nurseries, American Kava's kava is also processed, sold and consumed in Florida, by Florida residents, including at Bowman's kava bar in Boca Raton, Florida.

### Bowman and Blythe Officially Announce "American Kava"

18.    Bowman and Blythe publicly announced their efforts to grow and market kava as American Kava to the kava-consuming public in 2023. They launched a Facebook page, where they posted information about their endeavors, displaying packages of kava with their American Kava logo.  They launched merchandise sales on their Facebook page, and published a 114 page kava growing manual. American kava also offers live plants for sale from their Florida nurseries and for pick up at Bowman's retail business in Boca Raton, Florida. American Kava's live plants are also sold on Bowman's Nakamal At Home website.

19.    The backlash came almost immediately. Americans cultivating kava in the United States is a highly controversial issue to some Pacific Islanders, including Funaki. Indeed, in addition to being an important export

throughout the Pacific Islands, kava is culturally important to the people of the Pacific, occupying an almost "sacred" status among them. Thus, the Plaintiffs' announcement of their brand American Kava caught the attention of the Pacific kava community, including Funaki, setting in motion the events that form the basis of the causes of action alleged herein.

20.     Funaki and his primary collaborator, Shane Aporosa ("Aporosa"), work in academia and promote themselves as kava experts. Upon Bowman's and Blythe's announcement of American Kava, Funaki and his collaborators, including (upon information and belief) the John Doe Defendants, assumed their roles as self-appointed protectors of the Pacific kava industry, crafting a false narrative that pitted themselves as the saviors of the kava industry against the villainous Plaintiffs, its destroyers. Thus, they chastised the Plaintiffs' efforts to grow kava in Florida under the American Kava brand, claiming they pose an "existential threat" to the kava business in the Pacific. As more thoroughly alleged below, the Defendants employed several narratives to cause damage to the Plaintiffs' business reputations and their American Kava brand.

**The Defendants' Plan to Damage the
Plaintiffs and the American Kava Brand, in Florida**

21.     The Defendants published a multitude of false statements about the Plaintiffs, alleged in detail below, for the purpose of undermining, if not altogether preventing the success of the Plaintiffs' American Kava growing initiative in Florida, expecting that their statements would cause kava consumers, vendors and suppliers alike to question the integrity and business reputations of the Plaintiff-founders of American Kava, and to lose trust in

them. By accusing the Plaintiffs of biopiracy, cultural appropriation, and hiding kratom in their kava, and publishing their statements in forums dedicated to kava, the Defendants knew or should have known that the Plaintiffs' and their Florida-based American Kava brand's reputations in the kava community with consumers, suppliers and regulators alike would be damaged.

22.    With respect to suppliers, the Plaintiffs have purchased and continue to purchase large quantities of kava from the Pacific Islands, upon which their kava businesses depend. The Plaintiffs are among the top largest importers of kava in the world. By sowing distrust of the Plaintiffs throughout the Pacific kava community, the Defendants knew or should have known that suppliers of kava were likely to interrupt, diminish or cease their supply of kava to the Plaintiffs. Stated plainly, one of the primary goals of the Defendants' defamation was to cut off these Florida-resident's and their Florida businesses' kava supply sources in the Pacific.

23.    Another purpose of the Defendants' publication of the false statements alleged below was to encourage action to be taken against the Plaintiffs' kava growing efforts in Florida by foreign governments, including the Fijian government. Indeed, Funaki and his collaborators expressly endorsed and encouraged "Pacific-government-level action" against American Kava in Florida, which they deemed "critical to safeguarding regional interests and kava's reputation as a safe product." *See* Exhibits A and B, both or which are believed to have been drafted in whole or in part by Funaki.

24.    Claiming that because kava is a "cultural keystone species unique to the Pacific", the Defendants maintained that "Pacific peoples are the

traditional 'owners' of kava." *See* Exh. A. Therefore, "to protect the economic growth potential of the Pacific kava industry, a united Pacific government-led response, directly with the US Mission to WIPO/World Trade Organization at the Department of State, is recommended."

25.     To the Defendants, the Plaintiffs' efforts to grow and sell kava in Florida under the American Kava brand presents an "existential threat" to the Pacific kava community—a "threat" Funaki and his collaborators intend to stop. *See* Exh. A. Thus, the Defendants intended their false statements to damage the Plaintiffs, their businesses, and their American Kava brand, all of whom and which are based in Florida.

26.     The Defendants' calls to action, alleged below, had actual impact in Florida. Florida residents have accessed and read all of the defamatory statements published by the Defendants. As a result of Funaki and the John Doe Defendants' publication of false statements, the Fiji Times to sought out the Plaintiffs in Florida, and published the false statements in a variety of "articles" targeting the Plaintiffs. Members of the Fiji government travelled to Boca Raton, Florida to visit Bowman in February 2025, examining American Kava's growing operations, and Bowman's wholesale and retail businesses as a result of the false statements published by Funaki and his collaborators. And the Plaintiffs, their businesses, and their brand American Kava have incurred damage here, in Florida.

27.     In summary, the Defendants believe that the cultivation of kava by Americans is intolerable, and incompatible with the continued success of the Pacific kava industry. Therefore, they set out to publicly denigrate,

disparage, and discredit Bowman and Blythe and their American Kava brand, as follows.

## **The Defamation**

28.      As the following allegations reveal, Funaki and his collaborators initially disparaged the Plaintiffs by characterizing their cultivation of kava in the United States under the American Kava brand as "theft", "biopiracy" and "cultural appropriation." When accusations of biopiracy proved inadequate to spark the level outrage against the Plaintiffs that the Defendants desired, they "upped the ante", falsely claiming that the Plaintiffs secretly mix their kava products with a controversial substance called kratom.

29.      Funaki and his collaborators used their kava community Facebook account known as "Grog Swiper" to spread defamatory posts about the Plaintiffs. The Grog Swiper account was used by the Plaintiffs to post and host defamatory statements, as well as to post defamatory statements to other forums across the internet. For instance, the Defendants posted defamatory statements about the Plaintiffs to Reddit and Pasifika Kava Forum, which Funaki and his collaborators know have Florida-based members.

30.      Funaki and his collaborators are the owners, administrators, operators and publishers of the account "Grog Swiper" social media accounts, together with others who have not yet been identified. They are responsible for the content published on and through their Grog Swiper accounts, which they knowingly published or acquiesced to being published, including comments posted to the fora they moderate which they knew or should have known was false.

31.     The defamation began with a series of posts falsely accusing the Plaintiffs of committing a crime. Specifically, the Defendants stated that the Plaintiffs had "**stolen**" the kava they grow under the American Kava brand. *See* Exhibits C, D, E (emphasis added), each believed to have been authored and posted by Funaki. In these early posts, Funaki and his collaborators represent that the kava being grown in Florida by the Plaintiffs under the American Kava brand derives from "kava cuttings **stolen from Hawaii**." *Id.* (emphasis added). In the posts, the Defendants routinely published the Plaintiffs' American Kava logo and merchandise along with their defamatory statements, leaving no doubt about whom their defamatory statements meant to reference. These statements, on their face, constitute defamation *per se*.

32.     Several weeks later, on October 25, 2023, Funaki and his collaborators accused Mr. Bowman of "the unethical and culturally corrupting behavior" of adding "addictive kr[a]tom" to kava for the purpose of boosting sales. *See* Exhibit D. The statement is completely false; Mr. Bowman has never mixed kratom with kava. It is also, on its face, defamation *per se*, accusing Mr. Bowman of another crime.

33.     On March 14, 2024, the Plaintiffs posted a picture of themselves with a container of American Kava-stickered bags of kava. *See* Exhibit F.  The Plaintiffs are pictured smiling, drinking the first American Kava brand kava. The post is captioned "American Grown Kava being consumed in an American Kava Bar by American Kava growers. It has begun. American. Kava. Culture." The post triggered outrage by Funaki and his collaborators, as the following allegations reveal.

34.     Minutes after the picture of Bowman and Blythe with American Kava branded kava was posted, a journalist from Fiji, who freely admits to being a friend of Funaki's primary collaborator, Aporosa, contacted the Plaintiffs through their American Kava Facebook page. The journalist, Dionisia Tabureguci ("Tabureguci"), relied on the Defendants false statements about the Plaintiffs as her "source." Thus, Funaki and his collaborators fed Tabureguci their false narrative about the Plaintiffs including that they engaged in theft, biopiracy, cultural appropriation and the clandestine use of kratom in their kava products.

35.     Tabureguci was a strategic facilitator of the Defendants' scheme to defame the Plaintiffs, intended to lend credibility to their anti-Bowman and anti-Blythe rants by causing her to publish them in an ostensibly credible publication. Tabureguci willingly acted as their instrumentality, reprinting and repeating their lies about the Plaintiffs, even though she admitted to the Plaintiffs that their false claims about the Plaintiffs were unsubstantiated by evidence. To add insult to injury, Funaki published statements accusing the Plaintiffs of bribing the Fiji Times to have "their story" printed—another crime, another lie.[2]

36.     Specifically, in March 2024, Tabureguci approached the Plaintiffs to interview them for a "story" about the brand American Kava. Acting on the

---

[2] Funaki's March 19 post includes Aporosa's claim, "I must be honest and say that I was concerned that I may not hear from you [The Fiji Times] again.  This is because I have heard a rumour that The American Kava Growers Group paid The Fiji Times to publish that article, and that The Fiji Times would not want me threatening further 'business' from them." *See* Exh. L.

false narrative promoted by and supplied to her by Funaki and his collaborators, Tabureguci focused particularly on the Plaintiffs' efforts to grow kava in Florida under the American Kava brand. She interviewed Bowman and Blythe in Florida, over the course of several days. Her story, "Americans Launch Own Kava" was published on March 16, 2024. *See* Exhibit G.

37.     This first of several articles printed in the Fiji Times lead with a picture of Plaintiffs Bowman and Blythe, pictured with American Kava-branded bags of kava, above the caption "Members of the American Kava Growers' Group Jeffrey Bowman, left, founder of The Nak, the first kava bar in America in 2001, shares the first bowl of American-grown kava with Tyler Blythe, co-founder of Kalli Kava and Root of Happiness Kava Company and Bars. Picture: AMERICAN KAVA CULTURE." *See* Exh. G.

38.     The article goes on to tell the story of Plaintiff's American Kava growing operations in Florida. The article concludes that the Plaintiffs intend "to produce the finest kava varieties on earth and establish American states and territories as the next specialty kava growing regions." *Id.* This statement was designed to spark outrage among the Fiji Times readership. More to the point, the interview and series of articles, orchestrated Funaki and his collaborators was meant to be rebroadcasted throughout kava-specific social media fora by the Defendants, which is just what they did.

39.     The March 16 story was only the beginning. It ran on a Saturday, and teased "More on this story in The Fiji Times on Monday." *Id.*

40.     The same day the initial article ran, Funaki sprung into action by reposting and commenting on the article. Thus began, in earnest, the

Defendants' smear campaign to paint Bowman and Blythe as drug pushers who were making poor quality kava in a laboratory and clandestinely infusing it with a dangerous and potentially deadly substance, kratom, for the purpose of causing their customers to become addicted to their products, thereby increasing their sales. *See* Exhibit H. The narrative is positively false, and defamatory *per se*.

41.     Funaki's March 16 post identifies Bowman and Blythe as "culprits" who are peddling "lab made tudei and have been crossbreeding and modifying the kava they use to plant in America." *See id*. The statement is demonstrably false; the Plaintiffs are neither growing tudei kava, nor have they crossbred or modified the kava they grow in Florida under the American Kava brand. The article further complained that the Plaintiffs were working to bring Pacific farmers to Florida, to grow kava there, and concluded with the familiar accusation that the Plaintiffs represent an existential threat to Pacific kava.

42.     The Defendants intended their false "tudei" label to cast doubt on the quality of the Plaintiffs' kava products under the American Kava brand. Kava generally falls into one of two categories: noble or tudei. Tudei kava has a well-documented negative reputation, associated with harsh side effects, long lasting psychoactive effects, headaches, fatigue, nausea, and is associated with contributing to a ban on kava in the early 2000s, when misidentified kava varieties contributed to safety concerns, causing significant damage to the kava industry. Funaki and his collaborators know this history, and knew that associating the Plaintiff's American Kava products with tudei would cause the Pacific kava community to fear another ban, resulting in backlash against the

Plaintiffs by their suppliers and the governments that regulate them.

43.     Further, Funaki and his collaborators knew that retail and wholesale purchasers of kava avoid tudei kava, in favor of noble kava, and that the label would diminish the credibility of the American Kava brand and the reputations of the Plaintiffs, neither of whom sell or make tudei kava.

44.     Further, many of the countries where kava is grown, and with which the Plaintiffs conduct business on a regular basis, prohibit the sale of tudei kava. Thus, mislabeling the Plaintiffs' American Kava products as "tudei" was designed to create regulatory and legal obstacles to prevent the Plaintiffs from selling their American Kava products.

45.     The same post also accuses the Plaintiffs of committing another crime: selling genetically modified food without proper approval or disclosure. *See* Exh. H. This too constitutes defamation *per se*, on its face.

46.     In the same post, Funaki claims "[t]his launch of American Kava will do nothing but destroy the pacific farmer's and yes even Hawaiian farmer's kava markets" and that the Plaintiffs' goal was "to further push the use of kratom with kava so that they don't have to answer to anyone." *Id.* By claiming that the Plaintiffs mix kratom with their kava products, Funaki intended to cause the kava industry and consumer community to cease purchasing kava products from the Plaintiffs and their Florida-based businesses, including American Kava products. They also intended to cause the supply-side of the industry in the Pacific Islands to take action, including at the governmental level, against the Plaintiffs to preclude American Kava from succeeding, and to cut off the supply of kava to the Plaintiffs and their businesses in Florida.

Mauro Law | 1001 Yamato Road, Suite 401 | Boca Raton, Florida 33431 | 561.202.1992 | www.MauroLawFirm.com

47.     On the same day, Funaki posted additional false statements about the Plaintiffs, calling for action against Bowman and Blythe:

> This group should **take an active stance against the mixing of 'awa and kratom as is being done and pushed by people like Jeffrey Bowman and Tyler Blythe**, kava bar owners and kava sellers who support the inappropriate commodification and misappropriation of 'awa for their own greed and financial gain, a part of this is the use of kratom to enhance the effects of kava while adding addictive properties so that people buy more.
>
> Like the stance Kanaka took in protecting kalo from genetic modification, we should be actively aware of what's going on in the US, particularly in Florida and with these **kava kartel**/American kava association **rats** are doing to our ancestral crop.

*See* Exhibit I (emphasis added).

48.     By asking his readership to "take an active stance" against the Plaintiffs, Funaki intended to disrupt supply to the Plaintiffs and their Florida businesses, to discourage consumers from purchasing their products, to cause governmental action against their kava growing initiative, and to otherwise interfere with their efforts to grow kava in Florida.

49.     Two days after the first article, just as promised, the Fiji Times was ready with a follow-up article on Monday, March 18. *See* Exhibit J. Titled "Sparks fly over American kava"—sparks that Funaki and his collaborators created—the article reported that "a storm was brewing amid revelation that an American group of kava growers has successfully produced American grown kava and will now supply the American kava drinking market." *Id.* The article claimed that certain Pacific Islanders (Funaki and his collaborators) had been

MAURO LAW | 1001 YAMATO ROAD, SUITE 401 | BOCA RATON, FLORIDA 33431 | 561.202.1992 | WWW.MAUROLAWFIRM.COM

following the American Kava initiative for years and "now accuse the Americans of cultural appropriation and giving kava a bad name." *Id.* To voice the Defendants' accusations against the Plaintiffs, their journalist friend published substantial portions of an email that Funaki's primary collaborator, Aporosa, had written to her about Bowman and Blythe and their American Kava brand, along with Funaki's Grog Swiper posts from two days before. *Id.* The Fiji Times was amplifying Funaki's and his collaborators' false narrative, at their behest.

50.     The article amplified Funaki's false narrative that the Plaintiffs were hiding kratom in the kava products to provide a "euphoric hit", and accordingly, "growing kava outside of the Pacific, has the potential to initiate a second ban" on the export, thereby threatening local farming communities. *Id.* Thus, the Plaintiffs were engaged in "manipulative messaging" to justify "cultural appropriating commercialism" and hide "bio-piracy." *Id.*

51.     At the same time, Tabureguci told the Plaintiffs later that week that her "friend from N[ew] Z[ealand]", Funaki's primary collaborator, Aporosa, had been lobbying the Fiji Times to report that Bowman and Blythe had been secretly adulterating their products kava with kratom:

> **My friend from NZ is pushing this narrative of kava and kratom. He's really dead against it. And he's adamant that it's you guys doing it.**

Exhibit K.  Funaki and his collaborators pushed their narrative without any proof to support it, recklessly and willfully causing damage to the Florida-resident Plaintiffs, their Florida businesses, and their American Kava growing initiative.

52.     Tabureguci expressed concern to the Plaintiffs over the fact that there was no proof that Bowman and Blythe had mixed kratom with kava:

17

> **I don't have any proof** so I've asked our FT news team
> to be careful about reporting on the kava kratom issue
> coz **we don't know anything about it.**

*Id.* (emphasis added).

53.     The Fiji Times appears not to have been concerned that its reporter did not "have any proof" or "know anything about" Bowman and Blythe mixing kratom and kava. Again, right on schedule, the Fiji Times printed another article on March 20, broadcasting the false narrative curated by Funaki and his collaborators. This time, Bowman and Blythe are pictured with American Kava branded products. *See* Exhibit L. Funaki immediately published the hit piece. *Id.* The Fiji Times proceeded to print additional articles bashing the Plaintiffs, all of which were based on Funaki's false and un-proved narrative, and all of which Funaki republished, in perfect symbiosis with the Fiji Times and his collaborators. *See, e.g.*, Exhibit M.

54.     The interplay between the Fiji Times and Funaki's group is staged to create the illusion of credibility. They claimed Bowman, Blythe and American Kava (all residing and operating in Florida) were adulterating kava by "**hiding**" kratom in their kava products. They intended to cause backlash against the Plaintiffs by their suppliers and the foreign governments that regulate the industry, repeating the refrain that a potential export ban on kava was looming as a result of the Plaintiffs' adulteration of Pacific kava, which Funaki and his collaborators promised would wreak havoc on the Pacific economy.

55.     Pointing to Tabureguci's March 16 article, and particularly the photograph that ran with it of Bowman and Blythe with packages of kava labelled with American Kava stickers, the republished letter authored by

Funaki's primary collaborator Aporosa asks "[w]hat really is in **those packets** of [American Kava's] kava", in the same breath falsely stating that Mr. Bowman had claimed that "the problem with kava was its lack of addictive properties." Funaki republished the email as printed in the Fiji Times. *See id.*

56.     In other contemporaneous posts, Funaki and his collaborators painted a grim picture of the Plaintiffs and American Kava[3] as engaging in "**drug cartel type activities**" and using kava "as a front for **sewing misery and addiction**." *See* Exhibit N (emphasis added).  Kratom, he said, was addictive and deadly, and being hidden in the Plaintiffs' kava products to cause their customers to become addicted.

57.     On April 14, Funaki and his collaborators attacked the Plaintiffs again, claiming that they engaged in the unethical and illegal practice of mixing kratom and kava. Referring to them as drug "**pimps**." *See* Exhibit O ("In the case of kr[a]tom, now a 'kava bar pimp' gets the money as opposed to an opioid pimp"). Identifying American Kava and Bowman by name, the April 14 post states,

> **Kava is being used by these pimps to hide kr[a]tom**, and this is leading to confusion for those who hear stories about 'kava addiction.'

---

[3] The Defendants superimposed the American Kava logo atop of a story about JW Ross, whom Funaki and his collaborators characterized as a neo-Nazi engaged in fraud. The post suggests that JW Ross sells a product that blends kava and kratom called "feel free." By superimposing American Kava's logo over the image of JW Ross and "feel free", the Defendants represented a relationship between JW Ross and "feel free" (on the one hand) and the Plaintiffs (on the other). *See* Exh. N. However, no such relationship exists. The Plaintiffs do not make or sell "feel free" and do not conduct business with JW Ross. The reason they created this false association is because the "feel free" product is controversial and is associated with alleged injuries and lawsuits.

> So, to get to the point: addictive kr[a]tom is increasingly being added to – "value added" in some cases- safe kava by unethical nefarious actor who claim kr[a]tom is safe and a necessity to the revival of the US kava industry.

*Id.* (emphasis added).

58.     The Fiji Times published additional articles repeating the same lies authored by Funaki and his collaborators about the Plaintiffs. *See, e.g.*, Exh. M ("Value-added concerns").

59.     On May 22, Funaki and his collaborators doubled down. It was no longer adequate to warn readers about the possibility of an export ban on kava; the Defendants lied to their readers, claiming that "informants" had advised them that a ban on kava by the US Department of Defense resulted from American Kava's "unethical behavior" of mixing kratom with kava. The hit-piece goes on the characterize the Plaintiffs as "drug peddlers who hide their dirty appropriating practice behind safe kava." *See* Exhibit P. Like those that precede them, the statements contained in the May 22 publication are defamatory *per se*.

60.     With no proof whatsoever that Bowman or Blythe have ever mixed kava and kratom together, Funaki and his collaborators attempted to bolster their false claims by referencing "resources" that do not support their lies. For instance, they claimed that "research" supports their conclusion that Bowman and Blythe mix kava and kratom, but no such research exists. They claimed that Bowman admitted to mixing kava and kratom together in an interview with Bloomberg, but the article to which they refer says no such thing. They linked their spurious claims to a YouTube "documentary" which, while addressing the

dangerous practice of mixing kratom and kava, makes no mention of Bowman or Blythe.

61.     Upon information and belief, neither Funaki nor any of his collaborators performed any "research" concerning whether Bowman or Blythe adulterate their kava products. And to be clear, they do not and never have.

62.     Funaki and his collaborators squarely placed the Plaintiffs at the center of an American businessmen-led conspiracy to rob the South Pacific of its culture and resources, for their own greed. They weaved together their narrative blending imagery of cultural appropriation and bio-piracy with defamatory claims that the Plaintiffs were drug dealers, actively committing crimes, genetically modifying their kava, hiding addictive and deadly drugs in it without concern for the wellbeing of their American customers or the people of the South Pacific, all the while bribing newspapers to tell their story. The Defendants did so expecting to bring about a result *in Florida*: to cause kava drinkers not to purchase from the Plaintiffs or their businesses, to choke off the Plaintiffs' supply chain, and to prevent the Plaintiffs' growing operation American Kava from succeeding.

63.     As detailed above and in the exhibits annexed hereto, Funaki's and his collaborators' published statements that Bowman and Blythe mix kava and kratom together are patently false. Neither Bowman nor Blythe mix kava and kratom, nor have they ever adulterated the kava they sell. On the contrary, Bowman and Blythe have a long history of advocating for standards and regulatory compliance.

64.     Similarly, the Defendants' published statements that Bowman

and Blythe stole kava plants and are illegally growing kava in the United States are false. Neither Bowman nor Blythe stole kava plants and their efforts to grow kava are in compliance with all governing laws. So too is the Defendants' claim that Bowman, Blythe and American Kava are the first growers of kava in the United States; kava has long been cultivated in Hawaii, for instance.

65.     At all material times, Bowman and Blythe have steadfastly denied that they mix kava with kratom, and that they have stolen kava or grow it illegally. At all material times, Bowman and Blythe advised the Defendants that their statements are false.

66.     Despite having been advised of the truth, Funaki and his collaborators continued to publish the false statements about Bowman and Blythe. Most disturbingly, they never actually investigated the truth of their statements.

67.     On August 16, 2024, the Plaintiffs sent a cease-and-desist letter to Funaki, demanding that the false statements be removed from the internet, and that corrective statements be published, among other things. As of this filing, Funaki took no action to address the rampant and malicious defamation of the Plaintiffs detailed herein.

68.     To add insult to injury, on July 15, 2024, the Defendants used Grog Swiper to mischaracterize American Kava and Bowman's efforts to communicate with them about their defamation as "seeking reconciliation" for "the mixing of addictive kr8tom" with "safe kava" to "injur[e] kava users and trigger[] another kava bad." *See* Exhibit Q.

69.     When the first iteration of this complaint was dismissed without

prejudice, Funaki and his collaborators took to the internet to brag about the dismissal.  Those who publicly congratulated him include competitors of the Plaintiffs, who are also involved with their own efforts to grow kava in the United States, underscoring that Bowman and Blythe are synonymous with "American Kava" and that the Defendants' defamation campaign was targeted exclusively against them.

70.     Funaki's utterly false narrative has caused damage to the Plaintiffs' reputations, leading to the loss of new and existing business, just as Funaki and his collaborators intended it.

71.     In addition to the foregoing, Funaki and his collaborators have posted the statements alleged above on a Reddit kava group, of which Funaki is believed to be a moderator. Most of the Reddit posts have been removed from the internet. Nonetheless, Funaki and his collaborators knew or should have known that Reddit has significant Florida membership, and knew or should have known that by using this platform to publish their defamatory statements, they would reach Florida readers. *See, e.g.,* Exhibit R.

72.     Funaki and his collaborators have likewise utilized Pasifika Kava Forum and International Kava Organization groups to publish the false statements alleged herein, of which the Defendants are believed to be moderators. Upon information and belief, many of these posts have been deleted. Nonetheless, Funaki and his collaborators knew or should have known that Pasifika Kava Forum and International Kava Organization have substantial readership in Florida, which they intended to reach by publishing there. Indeed, many Florida kava bars belong to International Kava

MAURO LAW | 1001 YAMATO ROAD, SUITE 401 | BOCA RATON, FLORIDA 33431 | 561.202.1992 | WWW.MAUROLAWFIRM.COM

Organization, as do numerous competitors of the Plaintiffs and their businesses, as well as at least two of their suppliers of kava—Forney and Kami Kava.

73.     Because kava is a major export of Fiji, the Defendants' false representations about the Plaintiffs and the American Kava brand sounded an alarm, triggering visits and inquiries from government representatives in Boca Raton, Florida, and causing longstanding thriving business relationships to be threatened.

74.     Funaki and his collaborators targeted Florida with their tortious conduct.  Simply put, they targeted the Plaintiff Florida residents, their Florida businesses, and the Florida-based American Kava growing operation to stop competition with the Pacific kava industry. They caused the Fijian government to visit the Plaintiffs in Boca Raton to disrupt these Florida-based kava businesses and growing operations. They targeted Florida with their defamatory remarks to prevent the "existential threat" to Pacific kava, which is being operated by the Plaintiffs in Florida.

75.     Funaki and his collaborators know they have an audience in Florida. *See* Exhibit S. Not only are American Kava and the Plaintiffs, and their businesses, based in Florida, the State is home to the largest number of kava bars in the Country. Thus, Funaki and his collaborators know that a substantial part of their audience consumes kava and sells kava in Florida. Indeed, he has taken aim at other Florida kava businesses including Botanic Tonics.

76.     By posting in kava-specific fora, Funaki and his collaborators

knew or should have known that their defamatory posts, including the Fiji Times articles containing their defamatory statements, would be reposted across the internet in kava-related forums, exponentially increasing the number of readers they reached, and ensuring impact in Florida, where many kava bars are located, not to mention the Plaintiffs who are targeted in the posts, their businesses that are the subject of the posts, and where American Kava grows and operates.

77.    All of the Defendants' defamatory statements alleged herein, including those published directly through their Grog Swiper and other social media accounts, and those printed in the Fiji Times articles quoted, were accessed by Florida residents, in Florida, including the Plaintiffs' and their businesses' customers and suppliers, among other third parties including those responsible for regulating the export of kava from Fiji, where the Plaintiffs purchase kava.

78.    All conditions precedent have occurred or been waived.

## COUNT I: DEFAMATION

79.    The Plaintiffs incorporate and reallege paragraphs 1 through 78.

80.    The Defendants published defamatory statements, alleged above, including but not limited to each of the statements alleged above and attached as Exhibits hereto, inclusive of Defendants' defamatory statements contained in the Fiji Times articles alleged above. All of these statements are completely false, all were targeted to readers in Florida, and all were targeted to consumers, suppliers, vendors and governmental officials who buy from, supply, sell and regulate the business of the Plaintiffs, their Florida-based kava businesses, and

their kava growing initiative known as American Kava.

81.     The defamatory statements falsely impute criminal offenses to Bowman and Blythe, adversely reflect on their fitness to conduct their Florida-based kava businesses, and otherwise tended to subject them to public hatred, contempt, ridicule and disgrace. Thus, the Defendants have committed defamation *per se.*

82.     The defamatory statements are particularly targeted to injure the reputation and success of the Plaintiffs' brand, American Kava, under which the Florida-resident Plaintiffs cultivate and sell kava in Florida.  The American Kava brand is not a general reference to all kava grown in America, but a brand and kava growing initiative known to be owned and controlled by the Plaintiffs. Other growers of kava in the United States were not targeted by the Defendants. On the contrary, other growers of kava in the United States are closely associated with the Defendants, and publicly support their efforts to defame the Plaintiffs as alleged throughout this Amended Complaint.

83.     At the time the defamatory statements were published, the Defendants knew the statements to be false, or they published the statements with reckless disregard for their truth or falsity.  Upon having been notified by the Plaintiffs that their statements were false, the Defendants took no action to rectify the defamation and instead, upon information and belief, have continued to promote their false narrative to others who, in concert with the Defendants, have republished the same false statements. Thus, the Defendants have acted with actual malice, publishing the false statements with intent to injure the Plaintiffs.

MAURO LAW | 1001 YAMATO ROAD, SUITE 401 | BOCA RATON, FLORIDA 33431 | 561.202.1992 | WWW.MAUROLAWFIRM.COM

84.     As a direct and proximate result of the publication of the defamatory statements, the Plaintiffs have suffered damages.

85.     The Defendants' scheme to defame the Plaintiffs is not capable of being remedied by damages of alone. Due to the extent of the injury caused to them, the Plaintiffs are entitled to an injunction against the Defendants.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, for general and special damages, injunctive relief, costs and such further relief as the Court deems just and proper. The Plaintiffs reserve the right to seek leave of Court, consistent with governing law, to add a claim for punitive damages.

## COUNT II: INTERFERENCE WITH BUSINESS RELATIONSHIP

86.     The Plaintiffs incorporate and reallege paragraphs 1 through 78.

87.     At all material times, the Defendants were aware that the Plaintiffs grown and sell kava in Florida at both the wholesale and retail levels, and that the Plaintiffs have relationships with customers, vendors, and suppliers throughout the kava industry, both inside and outside of Florida.

88.     The Plaintiffs rely heavily on kava suppliers in the Pacific Islands, which the Defendants know.  Thus, the Defendants targeted Pacific Islands' kava growers, suppliers and the governmental agencies that regulate the kava trade with their tortious conduct, including the false statements concerning the Plaintiffs alleged throughout this Amended Complaint, for the purpose of causing them to cease doing business with the Plaintiffs and their Florida-based businesses or to otherwise injure or damage the Plaintiffs' business relationships.

MAURO LAW | 1001 YAMATO ROAD, SUITE 401 | BOCA RATON, FLORIDA 33431 | 561.202.1992 | WWW.MAUROLAWFIRM.COM

89.     Additionally, the Defendants targeted Florida-based consumers of kava to cause them not to patronize the Plaintiffs' kava businesses, including their Florida-based kava brand, American Kava.

90.     The Defendants intentionally interfered with the known business relationships described above. Their interference was utterly unjustified.

91.     The Defendants' interference has caused damage to Bowman and Blythe.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, for general and special damages, injunctive relief, costs and such further relief as the Court deems just and proper. The Plaintiffs reserve the right to seek leave of Court, consistent with governing law, to add a claim for punitive damages.

## COUNT III: INJUNCTIVE RELIEF (Chapter 784, Florida Statutes)

92.     The Plaintiffs incorporate and reallege paragraphs 1 through 78.

93.     The Defendants have willfully and maliciously engaged in a course of conduct directed at Bowman and Blythe, through electronic mail and other electronic communications, causing substantial emotional distress to Bowman and Blythe, described in greater detail in the General Allegations above.

94.     The Defendants' wrongful conduct includes all of the statements they published on the internet, including those printed in the Fiji Times articles, alleged above.

95.      There is not and has never been a legitimate purpose for the Defendants' scheme to harass Bowman and Blythe. The scheme is, on the contrary, entirely unjustified.

Mauro Law | 1001 Yamato Road, Suite 401 | Boca Raton, Florida 33431 | 561.202.1992 | www.MauroLawFirm.com

96.     Pursuant to Chapter 784, Florida Statutes, the Defendants' conduct alleged herein requires imposition of an injunction.

WHEREFORE, the Plaintiffs demand judgment for injunctive relief, attorneys' fees and costs, and such other relief as the Court deems just and proper.

Dated June 24, 2025.

Respectfully submitted,

**MAURO LAW P.A.**

/s/  C. Cory Mauro
C. Cory Mauro
Florida Bar No.:  384739
1001 Yamato Road, Suite 401
Boca Raton, FL 33431
Telephone: (561) 202-1992
cory@maurolawfirm.com
paralegal@maurolawfirm.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF and via US Mail to Sione Funaki, 56-352 Leleuli Street, Kahaku, HI 96731.

/s/ C. Cory Mauro
C. Cory Mauro

MAURO LAW | 1001 YAMATO ROAD, SUITE 401 | BOCA RATON, FLORIDA 33431 | 561.202.1992 | WWW.MAUROLAWFIRM.COM